UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE ETHYLENE PROPYLENE DIENE MONOMER (EPDM) ANTITRUST LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO: <br><br> CARLISLE COMPANIES INCORPORATED, CARLISLE CORPORATION, CARLISLE SYNTEC INCORPORATED, CARLISLE ENGINEERED PRODUCTS, INC., and CARLISLE POWER TRANSMISSION PRODUCTS <br><br> v. <br><br> CROMPTON CORPORATION and UNIROYAL CHEMICAL COMPANY, INC. | No. 3:05 MD 1642 (PCD) <br><br> Case No. 3:05-cv-1278 (N.D.N.Y.) <br><br> HON. PETER DORSEY |

**DEFENDANT UNIROYAL CHEMICAL COMPANY INC.'S ANSWER
TO COMPLAINT FOR VIOLATIONS OF THE FEDERAL ANTITRUST LAWS**

Defendant Uniroyal Chemical Company, Inc. ("Uniroyal"), by and through its attorneys, admits, denies and avers as follows with respect to the Complaint filed June 2, 2005 (the "Complaint"):

**NATURE OF THE CASE**

1. Denies the allegations of Paragraph 1 of the Complaint, except admits that the Complaint purports to allege a conspiracy relating to ethylene propylene diene monomer

("EPDM") and avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

## JURISDICTION AND VENUE

2.      Denies the allegations of Paragraph 2 of the Complaint, except admits that Plaintiffs purport to bring this action under Section 1 of the Sherman Act and Sections 4 and 16 of the Clayton Act.

3.      Denies the allegations of Paragraph 3 of the Complaint, except admits that jurisdiction of this Court is based upon 28 U.S.C. § 1331.

4.      Denies the allegations of Paragraph 4 of the Complaint.

5.      Denies the allegations of Paragraph 5 of the Complaint, including each sub-part.

## PLAINTIFFS

6.      Denies the allegations of Paragraph 6 of the Complaint, except avers that Uniroyal is without knowledge or information sufficient to form a belief as to Plaintiffs' purported identification of Carlisle Companies Incorporated.

7.      Denies the allegations of Paragraph 7 of the Complaint, except avers that Uniroyal is without knowledge or information sufficient to form a belief as to Plaintiffs' purported identification of Carlisle Corporation.

8.      Denies the allegations of Paragraph 8 of the Complaint, except avers that Uniroyal is without knowledge or information sufficient to form a belief as to Plaintiffs' purported identification of Carlisle SynTec Incorporated.

9.      Denies the allegations of Paragraph 9 of the Complaint, except avers that Uniroyal is without knowledge or information sufficient to form a belief as to Plaintiffs' purported identification of Carlisle Engineered Products, Inc.

10. Denies the allegations of Paragraph 10 of the Complaint, except avers that Uniroyal is without knowledge or information sufficient to form a belief as to Plaintiffs' purported identification of Carlisle Power Transmission Products, Inc.

## DEFENDANTS

11. Denies the allegations of Paragraph 11 of the Complaint, except admits that Chemtura Corporation ("Chemtura"), formerly known as Crompton Corporation, is a Delaware corporation with its principal place of business in Middlebury, Connecticut.

12. Denies the allegations of Paragraph 12 of the Complaint, except admits that Uniroyal Chemical Company, Inc. is a Delaware corporation with its principal place of business in Middlebury, Connecticut, and avers that Uniroyal Chemical Company, Inc. is a wholly-owned subsidiary of Chemtura.

## DEFENDANTS' AGENTS AND CO CONSPIRATORS

13. Denies the allegations of Paragraph 13 of the Complaint, except admits that Paragraph 13 of the Complaint purports to elucidate the meaning of allegations regarding corporate entities referenced in the Complaint.

14. Denies the allegations of Paragraph 14 of the Complaint.

15. Denies the allegations of Paragraph 15 of the Complaint.

16. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. Admits that the Complaint purports to identify Polimeri Europa and Polimeri Americas collectively as "Polimeri".

**INTERSTATE TRADE AND COMMERCE**

29. Denies the allegations of Paragraph 29 of the Complaint.

30. Denies the allegations of Paragraph 30 of the Complaint.

31.     Denies the allegations of Paragraph 31 of the Complaint.

## EPDM

32.     Denies the allegations of Paragraph 32 of the Complaint, and avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

33.     Denies the allegations of Paragraph 33 of the Complaint, and avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

34.     Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and avers that the term "EPDM" as used in the Complaint is vague and ambiguous and do not denote a homogeneous and interchangeable groups of products.

35.     Denies the allegations of Paragraph 35 of the Complaint, and avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

36.     Admits that Paragraph 36 of the Complaint purports to describe the uses of "EPDM"; avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

37.     Admits that Paragraph 37 of the Complaint purports to describe the uses of "EPDM"; avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

38.     Denies the allegations of Paragraph 38 of the Complaint, and avers that the term "EPDM" as used in the Complaint is vague and ambiguous and that "EPDM" does not denote a homogeneous and interchangeable group of products.

39.     Denies the allegations of Paragraph 39 of the Complaint.

40.     Denies the allegations of Paragraph 40 of the Complaint.

## THE EPDM MARKET

41.     Denies the allegations of Paragraph 41 of the Complaint.

## DEFENDANTS' CONDUCT

42.     Denies the allegations of Paragraph 42 of the Complaint.

43.     Denies the allegations of Paragraph 43 of the Complaint, except admits that in March 2004 Crompton Corporation entered into a plea agreement with the United States of America, and that under the terms of that agreement, Crompton Corporation agreed to pay a fine of $50 million.

44.     Denies the allegations of Paragraph 44 of the Complaint.

45.     Denies the allegations of Paragraph 45 of the Complaint.

46.     Denies the allegations of Paragraph 46 of the Complaint, including each sub-part.

47.     Denies the allegations of Paragraph 47 of the Complaint.

48.     Denies the allegations of Paragraph 48 of the Complaint.

49.     Denies the allegations of Paragraph 49 of the Complaint.

50.     Denies the allegations of Paragraph 50 of the Complaint.

51.     Denies the allegations of Paragraph 51 of the Complaint.

52.     Denies the allegations of Paragraph 52 of the Complaint.

53.     Denies the allegations of Paragraph 53 of the Complaint.

54. Denies the allegations of Paragraph 54 of the Complaint.

55. Denies the allegations of Paragraph 55 of the Complaint.

**CURRENT INVESTIGATIONS**

56. Denies the allegations of Paragraph 56 of the Complaint and avers that the U.S. Department of Justice, the Canadian Competition Bureau and the European Commission are conducting investigations into allegations of possible violations of antitrust and competition laws involving EPDM.

57. Denies the allegations of Paragraph 57 of the Complaint and (1) avers that the U.S. Department of Justice, the Canadian Competition Bureau and the European Commission are conducting investigations into allegations of possible violations of antitrust and competition laws involving EPDM; and (2) respectfully refers the Court to the referenced document for a complete and accurate description of its contents.

58. Denies the allegations of Paragraph 58 of the Complaint and (1) avers that the U.S. Department of Justice, the Canadian Competition Bureau and the European Commission are conducting investigations into allegations of possible violations of antitrust and competition laws involving EPDM and heat stabilizers; (2) avers that Crompton Corporation received from each of the Governmental Authorities verbal or written assurances of conditional amnesty from prosecution and fines; (3) avers that in March 2004 Crompton Corporation entered into a plea agreement with the United States of America, and that under the terms of that agreement, Crompton Corporation agreed to pay a fine of $50 million; and (4) respectfully refers the Court to the referenced document for a complete and accurate description of its contents.

59. Denies the allegations of Paragraph 59 of the Complaint, except admits that Crompton Corporation is a defendant in lawsuits alleging purported price-fixing of rubber

chemicals and heat stabilizers, and respectfully refers the Court to the U.S. Department of Justice guidelines for a complete and accurate description of the amnesty program.

60. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63. Avers that Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

## VIOLATIONS ALLEGED

64. Admits that Paragraph 64 of the Complaint purports to incorporate by reference the allegations contained in Paragraphs 1 – 63 of the Complaint.

65. Denies the allegations of Paragraph 65 of the Complaint.

66. Denies the allegations of Paragraph 66 of the Complaint, including each sub-part.

## FRAUDULENT CONCEALMENT

67. Denies the allegations of Paragraph 67 of the Complaint.

68. Denies the allegations of Paragraph 68 of the Complaint.

69. Denies the allegations of Paragraph 69 of the Complaint, including each sub-part.

70. Denies the allegations of Paragraph 70 of the Complaint.

71. Denies the allegations of Paragraph 71 of the Complaint.

72. Admits the allegations of Paragraph 72 of the Complaint.

## EFFECTS

    73.    Denies the allegations of Paragraph 73 of the Complaint, including each of its sub-parts.

    74.    Denies the allegations of Paragraph 74 of the Complaint.

## REQUEST FOR RELIEF

    A.    Denies that Plaintiffs are entitled to this relief.

    B.    Denies that Plaintiffs are entitled to this relief.

    C.    Denies that Plaintiffs are entitled to this relief.

    D.    Denies that Plaintiffs are entitled to this relief.

    E.    Denies that Plaintiffs are entitled to this relief.

## ADDITIONAL DEFENSES

    1.    Plaintiffs lack standing to bring the claims raised in the Complaint.

    2.    The Complaint fails to state a claim upon which relief can be granted.

    3.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

    4.    Plaintiffs' claims are barred in whole or in part by laches.

    5.    Plaintiffs' claims are barred because it has not sustained any cognizable injury or antitrust injury attributable to or proximately caused by Uniroyal's conduct or the conduct of any alleged co-conspirators.

    6.    Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate its alleged damages, if any.

    7.    Plaintiffs' claims are barred because the alleged conduct has not unreasonably restrained trade and was based on independent and legitimate business justifications.

8. Plaintiffs' claims are barred in whole or in part because any actions by defendants that affected Plaintiffs resulted from a good faith effort to meet competition.

9. Plaintiffs have suffered no injury in fact.

10. Plaintiffs have suffered no damages.

11. Any damages suffered by Plaintiffs are speculative.

12. Plaintiffs' claims are barred in whole or in part because an award of treble damages or punitive or exemplary damages against the defendants based on the conduct alleged in the Complaint would violate the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

13. Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

14. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel and waiver.

15. Plaintiffs' claims are barred in whole or in part because it accepted the benefit of the bargain.

16. Plaintiffs lack antitrust standing to bring the claims raised in the Complaint.

17. Uniroyal adopts by reference any applicable defenses heretofore or subsequently pleaded by any other defendant not expressly set forth herein.

17. Uniroyal reserves the right to assert other defenses as discovery proceeds.

WHEREFORE, Uniroyal prays that the Court determine and adjudge:

(a) that the Complaint be dismissed on the merits;

(b) that Plaintiffs take nothing by the Complaint;

(c) that Uniroyal be awarded its costs, disbursements and attorney's fees and expenses incurred herein; and

(d) that Uniroyal be awarded such other and further relief as the Court may deem proper.

Dated: September 8, 2005

\_\_\_/s/_____
Craig A. Raabe ct04116
craabe@rc.com
Bradford Babbitt ct13938
bbabbitt@rc.com
ROBINSON & COLE
280 Trumbull St.
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

Ian Simmons
Benjamin G. Bradshaw
Karin F.R. Moore
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Telephone: (202) 383-5163
Facsimile: (202) 383-5414

*Attorneys for Defendant Uniroyal Chemical Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer of Defendant Uniroyal Chemical Company, Inc. was filed electronically and served by Facsimile and First Class Mail on this 8th day of September, 2005, on the following:

Stephen J. Ford
250 South Clinton Avenue
Syracuse, NY  13202-1258
Telephone: (315) 474-2500
Facsimile: (315) 474-2008
Email: sford@carlisle.com

Daniel S. Mason, Esq.
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 693-0700
Facsimile:  (415) 693-0770
E-mail:  dmason@zelle.com

*Attorneys for Plaintiffs*

/s/ _____
Bradford S. Babbitt

MDL Panel
Judicial Panel on MDL
Office of the Clerk
Thurgood Marshall Building
One Columbus Circle, NE
Washington, DC 20002-8004